IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BRIAN C. FRANKENFIELD | § | |
| VS. | § | CIVIL ACTION NO. 9:25-cv-84 |
| UNITED STATES OF AMERICA, ET AL. | § | |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Brian C. Frankenfeld, an inmate confined at the Willacy County State Jail located in Raymondville, Texas, proceeding *pro se*, brings this action against the United States of America and "others unknown."

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Here, Plaintiff in confined in Raymondville, Texas which is located in Willacy County, Texas. Further, the unknown Defendants are presumed to work at the facility in which he is confined located in Willacy County, Texas. When public officials are parties to an

action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Willacy County. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976). Plaintiff has established no basis for jurisdiction in the Eastern District of Texas.

Pursuant to 28 U.S.C. § 124, Willacy County is located in the Brownsville Division of the United States District Court for the Southern District of Texas. Accordingly, venue for such claims is not proper in the Eastern District of Texas.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). After due consideration, the undersigned is of the opinion that the claims in this action should be transferred to the Southern District of Texas. A separate order so providing will be entered this date.

**SIGNED this the 20th day of February, 2025.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE